Tammy Hussin, Esq. (Bar No. 155290)
Hussin Law
1302 N. Coast Highway 101, Ste 201
Encinitas, CA 92024
(877) 677-5397
Tammy@HussinLaw.com

Attorney for Plaintiff, Inna Borboa Badran

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Inna Borboa Badran,<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ;***<br><br>**JURY TRIAL DEMANDED** |

For this Complaint the Plaintiff, Inna Borboa Badran, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

4. Plaintiff satisfies the Article III standing requirement, as she suffered a concrete and tangible injury in the form of repeated invasions of privacy as a result of Wells Fargo's knowing and willful violations of the TCPA. *Van Patten v. Vertical Fitness Group*, D.C. No.3:12-cv-01614 (9th Cir., 2017).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), in that Defendant regularly and systematically solicits to and enters into business relationships with consumers within this judicial District, and the acts giving rise to this action occurred in this District.

## PARTIES

6. Plaintiff, Inna Borboa Badran f/k/a Inna Spivak, is an adult individual residing in Los Angeles County, California, and is a "person" as defined by 47 U.S.C. § 153(10).

7. Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), is a business entity with an address of 101 North Phillips Avenue, Sioux Falls, South Dakota 57104, and is a "person" as defined by 47 U.S.C. § 153(10).

8. Does 1-10 are individual employees and/or agents employed by Wells Fargo, including those retained by Wells Fargo to collect monies from Plaintiff, and

whose identities are currently unknown. One or more of the Does may be joined as parties once their identities are disclosed through discovery.

9. Wells Fargo at all times acted by and through one or more of the Does.

## BACKGROUND

10. Beginning on a date unknown to Plaintiff, someone stole Plaintiff's identity. The fraudster opened up dozens of unauthorized accounts in Plaintiff's name. Plaintiff was unaware of the identity theft until August of 2012, when she was denied credit for a car loan. Inasmuch as Plaintiff had an impeccable credit history, she requested copies of her credit reports from the three major credit reporting agencies, Equifax, Experian, and Transunion (collectively, the "CRAs"). Upon receipt of the credit reports, Plaintiff discovered a number of delinquent accounts which she did not recognize, including Wells Fargo accounts (the "Accounts").

11. Plaintiff initiated what became a long and arduous struggle to restore her credit. She began calling all of the creditors listed on her credit report, including Wells Fargo, and advised that the accounts had been procured as a result of fraud and that she was a victim of identity theft.

12. Most of the creditors that were reporting acquiesced by deleting the fraudulent accounts and ceasing collection activities. Wells Fargo, however, refused to acknowledge Plaintiff was a victim of identity theft and continued aggressive attempts to collect the Accounts.

13. On August 27, 2012, Plaintiff went into a Wells Fargo branch in an effort to get the calls to stop and to inquire about any accounts in her name. The Wells Fargo employee advised Plaintiff she had no accounts with Wells Fargo, and could not explain the reason for the calls. Inasmuch as the employee was unable to locate an

account for Plaintiff, she was likewise unable to help Plaintiff get the calls from Wells Fargo to stop.

14. On September 12, 2012, Plaintiff went to the Long Beach Police Department and filed a police report. Plaintiff also completed a Long Beach Police Department Identity Theft Investigation Supplemental Worksheet ("Supplemental Worksheet") for each fraudulent account, including Wells Fargo. Plaintiff signed each Supplemental Worksheet under penalty of perjury, including the one for the Account. Plaintiff completed an Identity Theft Victim Complaint and Affidavit ("Affidavit") from the FTC website.

15. Plaintiff sent letters to each of the CRAs to advise she was a victim of identity theft and identified each fraudulent account. Plaintiff attached a copy of the Police Report, the Supplemental Worksheet, and the Affidavit (the Police Report, the Supplemental Worksheet, and the Affidavit are collectively hereinafter referred to as the "Documents").

16. Plaintiff sent letters to each of the creditors that were reporting unauthorized accounts on her credit report. On September 27, 2012, Plaintiff sent a letter to Wells Fargo, advising she was a victim of identity theft and attached a copy of the Documents.

17. All the while, Wells Fargo bombarded Plaintiff with automated calls on her cellular telephone in an attempt to collect on the fraudulently procured accounts.

18. Plaintiff spoke to Wells Fargo many times and told representatives that she was a victim of identity theft and told the representatives to stop calling, but Wells Fargo was relentless. No matter what Plaintiff did or said, Wells Fargo called her multiple times a day on an almost daily basis for months on end. The calls from Wells Fargo began early in the morning and persisted throughout each day.

19. Even after Wells Fargo had Plaintiff's police report and her FTC affidavit, Wells refused to accept the fact she was a victim of identity theft. It was not

until Claimant retained counsel to assist her with the remaining fraudulent accounts that the Wells Fargo accounts were finally deleted from her credit report.

20. Wells Fargo called so often that Plaintiff was forced to change her cellular phone number. Upon information and belief, Wells Fargo obtained Plaintiff's new cellular number from Plaintiff's police report and began autodialing the new number.

21. Despite knowing Plaintiff was a victim of identity theft and did not consent to be called, Wells Fargo assigned or otherwise transferred the alleged accounts to a debt collection agency.

22. Upon information and belief, Wells Fargo provided the collection agency with Plaintiff's cellular number and failed to advise the collection agency that Plaintiff did not consent to be called. The collection agency thereafter hounded Plaintiff with automated collection calls.

23. The constant calls from Wells Fargo and its collection agency caused Plaintiff injury in the form of anxiety, distress, embarrassment, aggravation and frustration. The calls were irritating because Wells Fargo knew Plaintiff did not welcome the calls, but continued its barrage of automated calls. The calls interfered with Plaintiff's family time, disrupted her conversations, and caused her to feel oppressed, depressed, and helpless.

24. Clearly Wells Fargo knowingly and willfully violated the TCPA by systematically ignoring Plaintiff's repeated requests to stop calling.

25. Claimant was identified as a member of a member of a TCPA class action against Wells Fargo in *Cross v Wells Fargo*, 15-cv-01270 (N.D. GA). Claimant opted out of the class action in order to pursue her individual claim asserted herein.

26. Like the other *Cross* class members, Claimants received automated calls on her cellular telephones from Wells Fargo during the class period of April 21, 2011 and December 19, 2015.

27. Plaintiff is entitled to damages as a result of Wells Fargo's conduct.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET. SEQ*.

28. The Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Wells Fargo called Plaintiff on her cellular telephones using an automated telephone dialing system and/or by using an automated voice.

30. When Wells Fargo called Plaintiff, it used an automated voice to deliver a message prior to connecting the calls to a live representative.

31. Wells Fargo ignored repeated do not call requests and continued to place Automated Calls to Plaintiff's cellular phones in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32. The calls from Wells Fargo to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Wells Fargo's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

34. Each of the aforementioned Automated Calls were in violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*., and Plaintiff are entitled to damages therefrom.

35. Wells Fargo is intimately familiar with the prohibitions of the TCPA, and is regularly called to defend itself in TCPA litigation, including a multitude of TCPA class action. *See*, *Malta v Wells Fargo*, 3:10-cv-01290-BEN-NLS (S.D. Cal.) ($17 million dollar settlement); *Cross v Wells Fargo*, 15-cv-01270 (N.D. GA) ($30 million dollar settlement); *Markos v Wells Fargo*, 15-cv-01165-LMM (N.D. GA) ($16 million dollar settlement).

36. Despite knowing the prohibitions of the TCPA, Wells Fargo chose to ignore the Act, and continued to autodial Plaintiff without her consent and over her objections. As such, Wells Fargo should be liable to Plaintiff for treble damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff pray that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

B. As a result of each call made in knowing and/or willful violation of the TCPA, an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: April 26, 2017 TAMMY HUSSIN

By:/s/ Tammy Hussin
Tammy Hussin, Esq.
Hussin Law
Attorney for Plaintiff, Inna Badran